STATE, Respondent, v. PARKS et al., Appellants.

(149 N. W. 161.)

1. **Criminal Law—Construction of Statutes—Larceny, Degrees of— Specification in Verdict—Instructions Covering Degrees—General Verdict—Affirmance.**

Pen. Code, Sec. 607, divides larceny into two degrees. Code Crim. Proc., Sec. 408, provides that where a crime is distinguished into degrees, the jury, if they convict defendant, must find the degree of crime of which he is guilty; while Sec. 401 contains the provision: "A general verdict upon a plea of not guilty, is either 'guilty,' or 'not guilty,' which imports a con-

viction or acquittal of the offense charged;" and Sec. 409
authorizes the jury to find defendant guilty of any offense, the
commission of which is necessarily included in that with which
he is charged in the information.   **Held,** that Sec. 401 refers
to crimes where one act embraces several offenses, not to
crimes divided into degrees, and is intended to be read in connec-
tion with Sec. 409, and has no application to Sec. 408.   **Held,** furth-
er, that, in a prosecution under an information charging defend-
ants with grand larceny, where the court instructed that the crime
of grand larceny includes petit larceny, and that the jury should
render a verdict of "guilty" or "not guilty" or "guilty of the
crime of petit larceny," and the jury returned a verdict of
"guilty," it was clear that they intended to convict of grand
larceny; and hence, while error may have been committed, it
was without prejudice to defendant, under Laws 1913, Ch. 178,
Sec. 1, and Laws 1913, Ch. 280, Sec. 3, making applicable to
criminal cases said Chap. 178, the error committed was not re-
versible.

2. **Criminal Law—Trial—Presence of Accused—Presumption—Preju-
dice.**

Where the trial court's minutes show that defendants were
arraigned and pleaded to the information, that one defendant
testified at the trial, that additional instructions were given
the jury in defendants' presence, and that they were present
when verdict was returned and sentence pronounced, **held,**
that the record fails to affirmatively show that defendants were
not present at all times during the trial, or to make out a
case for new trial; and that, defendants having failed to show,
or claim, prejudice from the matters complained of, the
Supreme Court, under Laws 1913, Chapters 178 and 280, has
no right to consider same.

Whiting and McCoy, J. J., concurring specially.   Gates, J.,
concurring in the result.

(Opinion filed October 29, 1914.)

Appeal from Circuit Court, Hamlin County.   Hon. Carl G.
Sherwood, Judge.

The defendants, W. H. Parks and another, were convicted of
larceny, and appealed.   Affirmed.

*Sam H. Wright,* for Appellants.

*Royal C. Johnson,* Attorney General, and *E. W. McLaughlin,*
for Respondent.

(1) Under point one of the opinion, Appellant cited:

Sec. 408, Code Crim. Proc.; People v. Marquis, 15 Cal. 38;

People v. Coch, 53 Cal. 627; People v. Travers, 15 Pac. 293; People v. Bannister, 34 Pac. 710.

Respondent cited:

Sec. 401, Code Crim. Proc.; St. Clair v. U. S., 154 U. S. 133, 38 L. Ed. 940-3; People v. Rugg, 98 N. Y. 551; State v. McDonald, 16 S. D. 83; Lowe v. State (Wis.) 96 N. W. 419; State v. Lovell, 45 Ind. 550; State v. Cooper (Tex.) 20 S. W. 979; Hayes v. Com. (Ky.) 14 S. W. 833; Timmerman v. Ter'y (Wash.) 17 Pac. 624; Armstrong v. People, 37 Ill. 459; State v. Pirkey, 22 S. D. 550, 118 N. W. 1042; Schoonover v. State, 17 Ohio St. 294.

(2) Under point two of the opinion, Appellant cited:

Kotilinic v. Swenson, 18 S. D. 197; State v. Pearse, 19 S. D. 75; Sec. 301, Code Crim. Proc.

Respondent cited:

State v. Pearse, 19 S. D. 75, 102 N. W. 222; State ex rel. Kotilinic v. Swenson, 18 S. D. 196, 99 N. W. 1114; Whart. Crim. Pl. & Pr., Sec. 551; Peo. v. Sing Lum, 61 Cal. 538; Stevens v. People, 19 N. Y. 550; Folden v. State, 13 Neb. 328, 14 N. W. 412; Territory v. Yarbery, 2 N. Mex. 391; Cluverius v. Com., 81 Va. 787; Speer v. State, 69 Ala. 159; State v. Cartwright, 13 R. I. 193; Peo. v. Sing Jung, 70 Cal. 469; State v. Lewis, 69 Mo. 92.

POLLEY, J.  By information filed by the state's attorney of Hamlin county, appellants were charged with the crime of grand larceny, the subject of the larceny being 150 bushels of velvet chaff wheat of the alleged value of $108.  At the close of the trial, the jury returned the following verdict: "We, the jury, find the defendants guilty."  Upon this verdict, judgment was pronounced against defendants, sentencing them to the penitentiary, and from this judgment they appeal.

[1] The ground upon which they rely principally for a reversal of the judgment is that the jury failed to specify in their verdict the degree of the crime of which the defendants are guilty, as required by section 408 of the Code of Criminal Procedure.

Section 607, Penal Code, is as follows:

"Larceny is divided into two degrees; the first of which is termed grand larceny, the second petit larceny."

And section 408, Code Cr. Proc., provides that:

"Whenever a crime is distinguished into degrees, the jury, if

they convict the defendant, must find the degree of the crime of which he is guilty."

The reason for this section and the necessity for complying with its requirements are very apparent. The crime of larceny being divided into two degrees, and the punishment depending upon the degree, it is necessary that the jury find and indicate by their verdict the degree of the crime of which the defendant is guilty, in order that the court may know what sentence to impose. The information charges grand larceny, and if there were but one degree of the crime the verdict of guilty is sufficient; but the crime of grand larceny also includes the crime of petit larceny, and it is necessary that the verdict indicate which of the two degrees of the crime it is of which the defendant is guilty. This verdict, standing alone, does not comply with section 408, and is therefore not sufficient to sustain the judgment. But it is contended by the state that the verdict should be read in connection with the instructions of the court given upon that subject, and that, when so read, there is no room for doubt as to the degree of the crime of which they found the defendants guilty.

Upon the subject of the verdict, the court charged the jury as follows:

"There are two verdicts, either one of which you may render. They are: 'We, the jury, find the defendants guilty'—or 'We, the jury, find the defendants not guilty.' "

But at the request of the defendants, and before the jury retired, the court further instructed them as follows:

"I instruct you that the crime of grand larceny includes within it the crime of petit larceny, that is, if you should find from the evidence that the defendants in this case were guilty of taking some property from Mr. Tetzlaf, and that the value of the property was less than $20, then and in that case the offense will be petit larceny. You should find a third verdict: 'We, the jury, find the defendants guilty of the crime of petit larceny.' "

In view of these instructions, it is claimed that, because the jury did not find specially that the defendants were guilty of petit larceny, their general verdict of "guilty" necessarily meant that defendants were guilty of grand larceny. This argument is persuasive, and, in the absence of the provisions of section 408, it

might be conclusive; but it is not sufficient to dispense with a mandatory requirement of the statute.

Again, it is contended by the state that section 408 is so modified by the provisions of section 401, Code Cr. Proc., that when the degree of the crime charged is specified in the information, as it is in this case, it is not essential that the degree should be specified in the verdict. The portion of section 401 upon which this contention is based reads as follows:

"A general verdict upon a plea of not guilty is either 'guilty' or 'not guilty,' which imports a conviction or acquittal of the same offense charged."

People v. Rugg, 98 N. Y. 537, is cited by the state in support of this contention. In that case the New York Court of Appeals had under consideration two sections of their Codes corresponding exactly with our sections 401 and 408; and, in the course of the opinion, the court say:

"Taking these provisions together, it is apparent that section 10 of the Penal Code must be construed with the qualifications and restrictions contained in sections 436 and 437, supra, of the Code of Criminal Procedure, and, where, as in this case, the indictment charges the degree of the crime and the verdict is the general one 'guilty,' it is not essential that such degree should be specified in the verdict. Any other interpretation would render the provisions contained in the last two sections cited inoperative and of no avail. The object and intention of section 10 of the Penal Code evidently was to guard and protect the rights of the defendant so that the court in inflicting the punishment might be advised of the exact nature of the crime of which he was convicted. That object is fully accomplished where the indictment specifies the degree of the offense charged and the verdict is a general one of 'guilty.' The finding of the jury of the general verdict of 'guilty' was, under the circumstances, equivalent to and in fact a verdict of guilty of murder in the first degree, in view of the fact, especially, of the instruction of the court that if they found the defendant guilty of any other degree, they should so state in their verdict. It follows that the verdict of the jury as rendered furnishes no ground for a reversal of the judgment."

No doubt the ends of justice were fully accomplished in that case. But respondent is wrong in its contention that the pro-

visions of section 401, Code Cr. Proc., above quoted, modify or in any wise apply to section 408. Section 401 applies to crimes where the same act constitutes two or more separate offenses, and not to crimes that are divided into two or more degrees of the same crime; as, for instance, the crime of "assault with a dangerous weapon with intent to do bodily harm." This crime also includes the two lesser crimes of "assault and battery" and of "simple assault," but these latter offenses are separate crimes, and not different degrees of the same crime. An indictment or information charging "assault with a dangerous weapon with intent to do bodily harm" also charges both of the lesser crimes, and, under the provisions of section 409, Code Cr. Proc., will support a verdict of guilty of either of the three offenses. But, under an indictment charging the crime of "assault with a dangerous weapon with intent to do bodily harm," a general verdict of "guilty" means a conviction of that particular crime; and, in order to constitute a conviction of either of the lesser offenses, such offense must be particularly specified in the verdict. Thus it is clear that section 401 is intended to be read in connection with section 409, and has no application to section 408.

But, conceding that the verdict standing alone is not a sufficient compliance with section 408, it by no means follows that the judgment must be reversed or a new trial awarded. When the verdict is considered in connection with the instructions of the court upon that subject, there is no room to doubt that the jury intended to convict the defendants of grand larceny. It is not contended that the information is not sufficient to charge that offense, nor that the evidence is insufficient to support the charge. The result, therefore, is that, while error may have been committed, the defendant is in no wise prejudiced thereby; and this brings the case within the provisions of section 1, c. 178, Laws of 1913. This section reads as follows:

" * * * No exception shall be regarded either upon a motion for new trial or upon appeal to the Supreme Court unless it clearly appears that the error complained of relates to a material point, and that the effect thereof was prejudicial to the party excepting."

While this chapter relates to appeals in civil action, by section 2, c. 280, Laws of 1913, it is made to apply with equal force to

criminal cases. This statute is highly remedial in its nature, and its purpose is to relieve the courts from a compliance with the letter of an unyielding statute when an enforcement thereof would result in a miscarriage of justice. We believe this is a proper case for the application of this statute, and that the ends of justice will be promoted thereby. When section 1, c. 178, Laws of 1913, and section 408, Code of Criminal Procedure, are read together and in connection with the instructions of the court upon the subject of the verdict, we are convinced that appellant is not prejudiced by such verdict, and that the same should stand.

[2] It is claimed by defendants that the minutes of the trial court fail to show affirmatively that the defendants were present in court during the entire trial and, for this reason, they have not had such a trial as is guaranteed them by law, and therefore their conviction is illegal and must be set aside. Section 301, Code Cr. Proc., provides that when "the indictment or information is for a felony, the defendant must be personally present at the trial." The minutes of the court show that defendants were arraigned and pleaded to the information; that one of them went upon the witness stand during the trial; that, upon a request by the jury for further instructions, defendants were brought into court and such instructions given in their presence; that they were in court when the jury reported their verdict, and were present when sentence was pronounced. There is nothing to show that they were not present in court during all of the time the trial was in progress, nor is it claimed that they were in any wise prejudiced by the failure of the court's minutes to affirmatively show that they were present throughout the trial.

Under the circumstances, the record fails to make out a case for a new trial. In the first place, the question has been settled adversely to appellant, so far as this court is concerned, in State v. Pearse, 19 S. D. 75, 102 N. W. 222, and State ex rel. Kotilinic v. Swenson, 18 S. D. 196, 99 N. W. 1114; and, in the second place, the defendants having failed to show, or to claim, that they are prejudiced by the matters complained of, this court, since the enactment of chapters 178 and 280, Laws of 1913, has no right to consider the same. If it had been made to appear that defendants were absent from the court room during any part of the trial, a different question would have been presented.

It not appearing that defendant's rights have been prejudiced by any of the matters complained of, the judgment appealed from is affirmed.

WHITING, J.   While I concur in the conclusion reached in the foregoing decision, I believe such conclusion should be based upon the fact that the verdict as returned, when read in connection with the instructions of the court, clearly shows that the jury did "find the degree of the crime" as required by section 408, C. C. P.

McCOY, J., concurs in the views expressed by WHITING, J., and GATES, J., concurs in the result.