STATE, Respondent, v. MOSHER, Appellant.

(182 N. W. 768.)

(File No. 4674.   Opinion filed April 25, 1921.)

**Criminal Law—Receiving Stolen Property—Verdict "Guilty of Receiving Stolen Property," Whether Embracing Knowledge of Larceny—Submitted Forms of Verdict, Effect—Instruction Re Offense Construed—No Offense Found.**

In the prosecution for receiving stolen property with knowledge that same had been stolen, trial court, under instructions concerning the offense charged, which further instructed that jury must be satisfied beyond reasonable doubt; (1) that the sheep in question were stolen; (2) were stolen from C. & Sons by some person other than defendant; (3) that defendant received them upon a consideration, after the alleged larceny was committed; (4) that defendant at time he received them knew they had been stolen,—submitted to jury two forms of verdict, one to find defendant "guilty as charged," and the other to find him "not guilty;" jury having returned a verdict finding defendant "guilty of receiving stolen property." **Held,** in view of court's specific direction, it is not to be said the jury found defendant guilty of receiving stolen property knowing same to have been stolen, nor that they so intended; it being undisputed that defendant received stolen property but not clear, on satisfactory evidence, that defendant knew it had been stolen; the court may not indulge presumption that jury intended to find "guilty as charged," nor supply an omission in the verdict of an essential element of crime.   Moreover the act as found by the jury is not the one charged in the information, nor does it constitute a public offense.

Gates and McCoy, J. J., dissenting:

The defendant, J. W. Mosher, charged with the offense of
receiving stolen property with knowledge that it had been stolen,

was, upon trial found "guilty of receiving stolen property," and he appeals. Reversed.

*Harry P. Atwater* and *H. M. Lewis,* for Appellant.

*Byron S. Payne,* Attorney General, *Edwin R. Winans,* Asst. Attorney General, and *C. G. Carrell,* State's Attorney, for Respondent.

Appellant cited: 16 C. J. 1108-09; State v. Peterson, 122 N. W. 667; Ty. v. Conrad, (Dak.) 46 N. W. 605; State v. Johnson (N. D.) 54 N. W. 547; People v. Tilley (Cal.) 67 Pac. 42.

Respondent cited: Sec. 4223, Code 1919; State v. McDonald, (S. D.) 91 N. W. 447; Blackshare v. State, 128 S. W. 549; State v. Parks, (S. D.) 149 N. W. 161; State v. Morse, (S. D.) 150 N. W. 293.

POLLEY, P. J. Appellant was tried upon an information charging him with the offense of receiving stolen property with knowledge that the same had been stolen. At the close of the trial the jury returned a verdict in the following language: "We, the jury, find the defendant guilty of receiving stolen property." Upon this verdict judgment was pronounced, and from such judgment and from an order denying his motion for a new trial, defendant appeals.

That the property involved, being something over 200 head of sheep, alleged to have been the property of Millard Cleveland & Sons, had been stolen, and that appellant purchased and received said sheep after they had been stolen, does not seem to be seriously controverted. The only question of importance for the jury to determine was that of guilty knowledge of appellant at the time the sheep came into his possession. Upon this question the court gave the jury the following instruction:

"The jury is instructed that it is unlawful for any person to buy or receive into his possession in any manner, upon any consideration, any personal property of value, knowing the same to have been stolen, and before you can find the defendant guilty of the offense charged in the information, you must be satisfied from the evidence beyond a reasonable doubt of each of the following necessary elements and ingredients of the offense charged: First, that the sheep in question were stolen; second, that they were stolen from Millard Cleveland & Sons by some person other than J. W. Mosher; third, that the defendant, J. W. Mosher,

received the sheep, upon a consideration, after the alleged larceny had been committed; fourth, that the defendant, J. W. Mosher, at the time he received the sheep, knew that they had been stolen."

The court then gave the jury two forms of verdict, either of which they might find: First, "We, the jury, find the defendant guilty as charged;" second, "We, the jury, find the defendant not guilty." In view of these very specific directions from the court it cannot be said that the jury found the defendant guilty of receiving stolen property knowing the same to have been stolen, nor that they intended to so find. It is not disputed that the appellant received the property, nor that it had been stolen, but there is no clear nor satisfactory evidence that the defendant knew the property had been stolen. Certainly there is no direct evidence that he had such knowledge, and, in view of the unsatisfactory state of the evidence, the jury may well have entertained a very substantial doubt upon this all-important element of the crime. In order to support the verdict, we must infer that the jury intended to find the defendant "guilty as charged," but the court has no right to indulge in any such presumption. This question has been passed upon by this court and its predecessor, the territorial court. In State v. Peterson, 23 S. D. 629, 122 N. W. 667, this court said:

"It is not competent for the court to indulge in any presumptions as against the defendant, or to supply the omission in the verdict of the jury of the essential elements of the crime of an assault with an intent to commit bodily injury, and hence its judgment is not based either upon information or the verdict of the jury, and therefore cannot be sustained"—citing Territory v. Conrad, 1 Dak. 363, 46 N. W. 605, and State v. Johnson, 3 N. D. 150, 54 N. W. 547.

Counsel for the state cite State v. Parks et al., 34 S. D. 510, 149 N. W. 161, and State v. Morse, 35 S. D. 18, 150 N. W. 293, Ann. Cas. 1918C, 570, recently decided by this court in support of their contention that the verdict is sufficient. Had the jury merely found the defendant "guilty" without further specifying the act, what is said in those cases might have some application, but here the jury specified the particular act of which they found the defendant guilty. The act so found is not the act charged in

the information, nor does the act so found constitute a public offense. Having specified the particular act of which they found the defendant guilty, the only reasonable inference is that they did not believe he was guilty of the other element of the offense charged in the information, to wit, guilty knowledge.

There are numerous other errors assigned in the record, but, as they may not occur on another trial, we do not deem it necessary to pass upon them at this time.

The judgment and order appealed from are reversed.

GATES, J. (dissenting.)   The jury returned this oral verdict:

.   "We, the jury, find the defendant guilty of receiving stolen property."

It cannot be questioned that, if the last four words thereof had been omitted, the verdict would have been unobjectionable as to form.   But it is said that the verdict as rendered should be interpreted to mean that the jury had doubts as to whether defendant knew the property was stolen.   I cannot assent to this view.   There is but one crime mentioned in our statutes relating to the receiving of stolen property, and that one is defined in section 4223, Rev. Code 1919, as follows:

"Sec. 4223.   Receiving Stolen Property.—Every person who buys or receives in any manner upon any consideration any personal property of any value, except as hereinafter provided, that has been stolen from another, knowing the same to have been stolen, is punishable by imprisonment in the state penitentiary not exceeding five years or in the county jail not exceeding six months or by a fine not exceeding two hundred and fifty dollars, or by both such fine and imprisonment.   Provided, that when the value of the personal property so bought or received shall not exceed the sum of twenty dollars, the punishment shall be by imprisonment in the county jail for a period not exceeding thirty days, or by fine not exceeding one hundred dollars, or by both such fine and imprisonment."

This crime is commonly known and referred to as the crime of receiving stolen property.   Indeed it is so labeled in this very statute, and has been so labeled in every revision of our Codes since and including Penal Code 1864-65.   Vide section 598 There are not two crimes, viz. that of receiving stolen property

and that of receiving stolen property knowing it to have been stolen, nor is the crime susceptible of division into degrees. Therefore, while knowledge that the property was stolen is an essential ingredient of the crime it is not an essential part of the name of the crime, nor does it import a separate offense. It is not a crime to receive stolen property unless the receiver knows it to have been stolen. By way of illustration reference may be made to section 4035, Rev. Code 1919, which defines the crime of maiming, viz.:

"Every person who, with premeditated design to injure another, inflicts upon his person any injury which disfigures his personal appearance, or disables any member or organ of his body, or seriously diminishes his physical vigor, is guilty of maiming."

It will be seen that an essential ingredient of that offense is "premeditated design to injure." It seems perfectly clear to me that a verdict which should declare, "We, the jury, find the defendant guilty of the crime of maiming," would be a sufficient verdict without the additional allegation that it was done "with premeditated design to injure." Just so I think the present verdict sufficient.

Again, look at section 3745, Rev. Code 1919, which defines the crime of perjury. It is an essential ingredient of that offense that the testimony given by the accused shall be known by him to be false. Can it be possible that a verdict which finds a defendant guilty of perjury would not be permitted to stand because of its form? Can it be possible that the verdict must also allege that the testimony given was known by him to be false?

I think the construction placed upon the verdict by the majority violates Rev. Code 1919, §§ 3577, 4940, and 5044. Such construction, to my mind, is a relic of the dotting of every "i" and the crossing of every "t" theory of statutory construction which came into full flower under the common law.

I think the last four words of the verdict may properly be treated as mere surplusage, and that the verdict as returned was, and could only be intended by the jury to be, a conviction under section 4223, Rev. Code 1919.

McCOY, J. concurs in the dissenting opinion of Justice GATES.