STATE, Respondent, v. MOSHER, Appellant.

(192 N. W. 756.)

(File No. 5080. Opinion filed March 14, 1923.)

1. **Criminal Law—Appeal and Error—Appellate Court Not Permitted to Substitute Its Judgment for Jury's as to Credibility of Witnesses.**

   The appellate court is not permitted to substitute its judgment for the jury's as to the credibility of witnesses.

2. **Receiving Stolen Goods—Sufficiency of Evidence—Evidence Held to Sustain Conviction.**

   Evidence held sufficient to sustain conviction of receiving stolen goods.

3. **Criminal Law—Hearsay—Evidence—Receiving Stolen Property— Admission of Hearsay Evidence Restricted to Issue Whether Sheep were Stolen Held Not Error.**

   In a prosecution for receiving stolen sheep, the admission of testimony by a caretaker that defendant's son had offered him first $500, and later $1,000, if he would leave the sheep for a while, which he finally did, objected to as hearsay, held not error, where its use was restricted to the question whether the sheep had in fact been stolen.

4. **Criminal Law—Accomplices—Thief Not Accomplice of Receiver of Stolen Goods Necessitating Corroboration of His Testimony.**

   The crimes of larceny and receiving stolen goods are separate offenses, and the thief is not an accomplice of the receiver of the stolen goods, so that his testimony must be corroborated under Rev. Code 1919, Sec. 4882.

5. **Receiving Stolen Goods—Criminal Law—Accessory to Theft May be Convicted of Receiving Stolen Goods.**

   Though the thief himself cannot be convicted of receiving stolen goods, an accessory to the theft may, notwithstanding Rev. Code 1919, Sec. 3594, which declares accessories before the fact principals.

6. **Criminal Law—Evidence—Record of Acquittal of Accused's Son Charged With the Theft of Sheep Accused Received held inadmissible.**

   In a prosecution for receiving stolen sheep, the record of the trial and acquittal of defendant's son on the charge of stealing the sheep is not admissible in evidence, as under Const., art. 6, Sec. 7, giving accused the right to meet his witnesses, it would not have been admissible to so prove the theft if the son had been convicted.

Appeal from Circuit Court, Perkins County; Hon. FRANK ANDERSON, Judge.

J. W. Mosher was convicted of receiving stolen property, and he appeals from the judgment and order denying new trial. Affirmed.

*Harry P. Atwater,* of Sturgis, for Appellant.

*Byron S. Payne,* Attorney General, (*C. C. Caldwell,* of Sioux Falls, and *Roy D. Burns,* of Sioux Falls, of counsel), for Respondent.

(4) and (5)   To points four and five of the opinion, Appellant cited:   State v. Phillips, 18 S. D. 1, 98 N. W. 171; Cohn v. People, 64 N. E. 306, 197 Ill. 482; 17 R. C. L., Sec. 89, p. 84; Bishop New Criminal Law, Par. 1140; 21 Wharton Crim. Law (10th Ed.), Par, 986; Reg. v. Perkins, 5 Cox C. C. (Eng.) 554; In Re Franklin, 77 Mich. 615, 43 N. W. 997; Owen v. State, 52 Ind. 379; State v. Smith, 37 Mo. 58; Smith v. State, 59 Ohio St. 350, 52 N. E. 826; Reg. v. Lamoureaux, 10 Quebec K. B. 15.

(4)   To point four, Respondent cited:   17 R. C. L. 83-84; Vol. 2 Wharton's Crim. Law (11th Ed.), Sec. 1227; 34 Cyc. 515; State v. Philips, 18 S. D. 1; State v. Umble, 115 Mo. 452; Wharton's Criminal Evid., Sec. 440; 6 C. J. 675; Newman v. People (Colo.), 135 Pac. 460; Sirdsong v. State (Ga.), 47 S. E. 329; Miller v. State (Ind.), 76 N. E. 245; State v. Feinberg (Iowa), 124 N. W. 208; State v. Gordon (Minn.), 117 N. W. 483; 15 Ann. Cas. 897; State v. Cohen (oM.), Ann. Cas. 1915C, 162 S. W. 216; State v. Rachman (N. J.), 68 N. J. L. 120; People v. Ammona (N. Y.), 87 N. Y. S. 358, (Aff. 71 N. E. 1135); Mayes v. State (Okla.), 142 Pac. 1549; 12 Cyc. 447; People v. Cook, 5 Parker Cr. R. (N. Y.) 351; Springer v. State (Ga.), 30 S. E. 971; State v. Kuhlman (Ga.), 48 L. R. A. 711.

(6)   To point six, Respondent cited:   34 Cyc. 526; State v. Sweeten, 75 Mo. App. 127.

GATES, J.   This case was here before and the judgment was reversed because of the form of the verdict.   44 S. D. 163, 182 N. W. 768.   Upon retrial defendant was again convicted of the crime of receiving stolen property and again appeals from the judgment and order denying new trial.

The testimony on the part of the prosecution tended to prove the following:

On August 31, 1918, Millard Cleveland & Sons were running over 2,000 head of yearling ewes about five miles northeast of Bixby. Up to 11 o'clock on that day they were in the charge of one of the sons, Ora Cleveland. At that time Ora Cleveland left the sheep wagon and went to the Cleveland ranch, leaving one Frank Hadcock, who had been employed shortly before, in charge. On that same day between 8 and 9 o'clock in the evening, and while Hadcock was in charge of the sheep, Willard Mosher, son of the defendant, rode up on horseback. He first offered Hadcock $500 to leave the wagon, to which Hadcock answered, "Oh, I don't know." He then offered Hadcock $1,000, to be paid in a few days. Thereupon Hadcock left the wagon, going on horseback up the creek a mile or so, and stayed an hour. Hadcock returned and remained in charge of the sheep until the following Monday. The defendant was in Faith on September 3d and borrowed $1,000 from a bank. Accompanied by a Jennie Phelps, whom he was giving a ride in order that she might get to her home near the Mosher ranch, on that day he drove to Flat Rock crossing, where he met his son Willard and Hadcock. The three went aside behind a bank out of sight of Jennie Phelps and stayed for about an hour and a half. At that time defendant indorsed a draft for $1,000 and handed it to Hadcock with the statement, "I guess that settles everything, does it?" To this Hadcock answered, "I guess it does." Continuing the trip with Jennie Phelps, defendant requested her not to say anything about coming around that way. The route past the Flat Rock crossing was a roundabout way to the Mosher ranch, and not the one usually traveled. On September 4th or 5th the defendant told James F. Land that he had given Hadcock a thousand dollars, and, when asked what for, said it was for Hadcock's claim. Later he told Land it was for sheep he bought from Hadcock and that there was a balance yet due. Ora Cleveland saw the Cleveland drove of sheep again on Wednesday following August 31st. At that time there were 230 head missing. The missing sheep were yearling ewes. He found the missing sheep at the defendant's place in the corral the following Saturday. John McGee was at defendant's place on Sunday, September 1, 1918, and saw what he estimated to be around 100 ewes in and about the corral, and in the vicinity of the barn. Defendant testified that on Sunday, Septem-

ber 1st, the only sheep he had in the corral was a bunch of buck lambs. On the day that he found the missing sheep at the Mosher ranch, Ora Cleveland was accompanied by Mr. Casart and Mr. Rainey, deputy sheriffs. When defendant was advised that they had a warrant for him, he said that he wanted a warrant sworn out for Fern Ellis and Frank Hadcock. He said he bought the sheep from Hadcock and had given him $1,000 and was going to give him $600 later. He said he thought there were a couple of hundred head, but did not know just how many for he had not counted them. The brands on these sheep, which were yearling ewes, had been changed. When left by Ora Cleveland with Hadcock on August 21st, they were branded with a connected "H. C." with black paint. When found at the Mosher ranch by Cleveland, part of the "H. C." had been pulled out, some of it cut off, and another brand put over the old making a box of the "H" and a reverse "3" of the "C." This new brand was dark red. About two pounds of wool with black paint on it was found in the defendant's barn. The value of these sheep was from $18 to $20 a head. On the following Monday, Ora Cleveland went back to the Mosher ranch and took the sheep home, there being 215 in number or 15 short. These sheep were easily separated from Mosher's sheep because of the condition of the brands. At that time defendant told Ora Cleveland that if he, the defendant, had known Cleveland was going to have him arrested, he would never have got to see the sheep. For the 15 sheep which were missing, Ora Cleveland received, through the state's attorney, Mr. Hadcock's check for $202.75; this being all that was left of the $1,000 given Hadcock by the defendant. This was not the full amount lost by Mr. Cleveland in the matter, but all that Hadcock had left of the $1,000. The defendant talked with Al. Casart on or about September 7, 1918, as to the sheep in question. Defendant told Casart that he bought the sheep from Hadcock and that he had paid $1,000 for them. He stated further that Hadcock had brought the sheep to the Mosher place early Monday morning, and that the boys had put them in the corral and had branded them while he went to town. He went to town to get $1,000, which he got and turned over to Hadcock upon meeting him at Flat Rock crossing.

[1] We do not set forth the facts which the testimony on behalf of the defendant tended to prove, because we are not per-

mitted to substitute our opinion for that of the jury as to the credibility of witnesses.

[2] One of the assignments of error challenges the sufficiency of the evidence to sustain the verdict. We are unable to say that the testimony above set forth, if believed by the jury, together with the inferences which might legitimately be drawn therefrom, was insufficient to justify the jury in arriving at the verdict.

[3] The admission of the testimony of Hadcock wherein he related the offer by defendant's son, Willard Mosher, of $500 and $1,000, if Hadcock would leave the sheep wagon, is challenged as hearsay. The use of this testimony was restricted by the court, in its instructions to the jury, to the question of whether or not the sheep had been stolen. We perceive no error in admitting the testimony for that purpose.

[4] In various forms appellant raises the proposition that Hadcock was an accomplice, and that the jury should have been instructed that if it found that Hadcock was the thief his testimony must be corroborated. Rev. Code 1919, § 4882. In this jurisdiction the crimes of larceny and of receiving stolen property are distinct offenses. Where such is the case, the weight of authority is to the effect that the thief is not an accomplice of the receiver of stolen property. 16 C. J. 683.

[5] Error is assigned upon the refusal of the court to instruct the jury that the thief must have been some one other than this defendant before they could find defendant guilty of the present charge. The state concedes that appellant's theory would be sound if the defendant had been shown to be the actual thief as distinguished from an accessory to the theft. We agree with the following statement from People v. Feinberg, 237 Ill. 348, 86 N. E. 584:

"We think the correct rule is laid down in Wharton on Criminal Law (vol. 1, 9th Ed., sec. 986) that when, on indictment for receiving stolen property, the proof shows that the defendant was also an accessory before the fact but was not present at the actual time of the conversion of the goods, in such case the defendant can be held for receiving stolen property, the offense of larceny being so distinct from that of receiving stolen goods that one can-

not be held to merge in the other nor the defendant's conviction of one be incompatible with conviction in another." State v. Coppenburg, 2 Strob. (S. C.) 273; 25 Cyc. 59.

Nor does such holding militate against section 3594, Rev. Code 1919, which makes accessories before the fact principals.

[6] Finally, appellant complains of the refusal of the court to admit the record of the acquittal of the son of defendant, Willard Mosher, upon the charge of the larceny of these sheep. He says that if Willard had been convicted the record of his conviction would have been admissible to establish the fact of the larceny; hence the record of his acquittal is admissible. If Willard had been convicted and the state had sought to introduce such record to establish the fact of larceny and the court had received such record in evidence, its admission over objection would have violated the clause of section 7, art. 6, of the Constitution, which gives an accused the right "to meet the witnesses against him face to face." Kirby v. United States, 174 U. S. 47, 19 Sup. Ct. 574, 43 L. ed. 809. We fail to see a good reason for holding the acquittal record admissible.

The remaining alleged errors called to our attention in appellant's brief have been considered, but are found to be without merit.

The judgment and order appealed from are affirmed.

ANDERSON, P. J., not sitting.

Note—Reported in 192 N. W. 756. See American Key-Numbered Digest, (1) Criminal Law, Key-No. 1159(4), 17 C. J. Sec. 3596; (2) Receiving Stolen Goods, Key-No. 8(3), 34 Cyc. 527; (3) Criminal Law, Key-Nos. 419, 420(10), 16 C. J. Sec. 1233; (4) Criminal Law, Key-No. 507(5), 16 C. J. 1393; 1 R. C. L. 157; (5) Receiving Stolen Goods, Key-No. 6, Larceny, 25 Cyc. 59; (6) Criminal Law, Key-No. 662(6), 16 C. J. Sec. 2116.