STATE, Respondent v. HOUGHTON, Appellant

(62 N. W.2d 342)

(File No. 9342. Opinion filed February 3, 1954)

**Ralph A. Dunham,** Atty. Gen., **E. D. Barron** and **Walter Mueller,** Asst. Attys. Gen., for Plaintiff and Respondent.

**Parker & Parker,** Deadwood, for Defendant and Appellant.

SICKEL, J. The information filed in the circuit court charges Sid Houghton, defendant, with receiving personal property that had been stolen from another, knowing it to have been stolen, contrary to the provisions of SDC 13.3813. The jury found defendant guilty, sentence was imposed, and an application for a new trial was denied. Defendant appealed.

Appellant contends that the evidence is insufficient to prove the defendant's guilt beyond a reasonable doubt, not

because the evidence if believed would fail to establish the offense charged, but because the state's witnesses were accomplices of defendant in the commission of the offense with which defendant was charged.

SDC 13.3813 provides that: "Every person who buys or receives in any manner upon any consideration any personal property of any value except as hereinafter provided, that has been stolen from another, knowing the same to have been stolen, is punishable by imprisonment in the State Penitentiary * * *."

■ ■ The witnesses testifying for the state and upon whose testimony the sufficiency of the evidence depends were Leland Cutler and Eugene Carnes, who stole the property, and Jeanette Carnes, wife of the latter, who was present when it was stolen. Cutler and Carnes were convicted of stealing the property which defendant was charged with receiving from them. This court said in State v. Mosher, 46 S.D. 336, 192 N.W. 756, 757: "In this jurisdiction the crimes of larceny and of receiving stolen property are distinct offenses. Where such is the case, the weight of authority is to the effect that the thief is not an accomplice of the receiver of stolen property." Therefore the corroboration of these witnesses was not necessary under the provisions of SDC 34.3636.

■ The next contention of appellant is that the state's evidence is circumstantial. Some circumstantial evidence was introduced at the trial but the evidence of the larceny, the receiving of the stolen property by defendant, and the finding of it in defendant's possession was the testimony of eyewitesses. The question of the credibility of the state's witnesses was therefore one for the jury. State v. Sauter, 48 S.D. 409, 205 N.W. 25, 27.

Judgment affirmed.

All the Judges concur.