**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Ronald HOWELL, Defendant and Appellant.**

**No. 14368.**

Supreme Court of South Dakota.

Considered on Briefs May 21, 1984.

Decided Aug. 29, 1984.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

George E. Grassby, Pennington County Public Defender, Rapid City, for defendant and appellant.

WOLLMAN, Justice.

This is an appeal from a judgment of conviction entered on a jury verdict of guilt on a charge of receiving stolen property. SDCL 22–30A–7. We reverse.

On the morning of January 11, 1983, one Charlie Adkins brought Ronald Howell (appellant) to the home of Karen Cole, Adkins' fiancee, in Rapid City. Adkins and appellant had met at the Rapid City Detoxification Center. Appellant remained at Ms. Cole's home from January 11 through the afternoon of January 17, 1983.

On Thursday night, January 13, Ms. Cole and Adkins had a quarrel in the living room of the Cole residence, which culminated in Ms. Cole's taking off the engagement ring

that Adkins had earlier given her and throwing it against the wall. All parties then retired for the night. The next morning Ms. Cole apparently had a change of heart and began searching for the ring but was unable to find it. Michael Cole, the elder of her two sons, found the ring later that morning and placed it on an end table. Ms. Cole did not find the ring on the table, however, and she and Adkins assumed that Ms. Cole's younger son, three-year-old Nigel, had probably picked up the ring and hidden it away after playing with it.

Appellant left the Cole residence on January 17. The next day he traveled to Sturgis, where he spent the night. On January 19, appellant returned to Rapid City, where he asked the bartender at the Brass Rail bar if he knew of anyone who bought diamonds. The bartender suggested trying a pawn shop or jewelry store, whereupon appellant attempted to sell the ring at the First Stop Gun Shop and at Adel's Jewelry Store. A clerk at the jewelry store recognized the ring as one that she had earlier sold to Ms. Cole. The clerk refused to purchase the ring and instead called Ms. Cole. Later that afternoon appellant was taken into custody by law enforcement officials at the Brass Rail bar. The next day, January 20, appellant led law enforcement officers to a trash receptacle near the Brass Rail bar and retrieved the ring.

Appellant was charged with having violated SDCL 22–30A–7, which provides:

Any person who receives, retains or disposes of property of another knowing that it has probably been stolen, or believing that it has probably been stolen, unless the property is received, retained or disposed of with the intent to restore it to the owner, is guilty of theft.

Over the state's objection, the trial court gave the following instructions to the jury:

### INSTRUCTION NO. 1

.    .    .    .    .

The elements of that offense as charged by the Information filed by the State are as follows:

(1) That on or about the 19th day of January, 1983, in Pennington County, South Dakota, the Defendant, Ronald Howell, received, retained, or disposed of a ring belonging to one Karen Cole;

(2) That the ring had been stolen by another from Karen Cole;

(3) That when the Defendant received, retained, or disposed of the ring he knew it was stolen or believed it had probably been stolen;

(4) That the ring then had a value of more than $200.00; and

(5) That the Defendant did not intend to restore the ring to Karen Cole.

Before you may find the Defendant guilty of this crime each of you must first be satisfied from the evidence in this case that each of the above elements have been proved beyond a reasonable doubt. If you are not so satisfied, you must find the Defendant not guilty.

### INSTRUCTION NO. 9

The theft of property that is, stealing property, and receiving stolen property are separate and distinct offenses. The person who steals the property cannot also be guilty of receiving stolen property. Thus, one of the essential elements of the offense of receiving, retaining or disposing of stolen property is that the property was stolen by a person other than the accused.

Theft of property consists of taking or exercising control over property of another person with the intent to deprive such person of it. With respect to lost or mislaid property, any person who comes into control of property of another that he knows to have been lost or mislaid is guilty of theft if, with intent to deprive the owner of it, he fails to take reasonable measures to restore the property to the person entitled to have it.

Therefore, if you have a reasonable doubt as to whether the ring was stolen by a person other than the defendant, you must acquit him—even though you may be satisfied beyond a reasonable

doubt that the defendant is guilty of theft of the ring.

Appellant contends that there is insufficient evidence in the record to establish that the ring had been stolen from Ms. Cole by a person other than himself or to establish that when appellant received, retained, or disposed of the ring, he knew that it was stolen or believed that it had probably been stolen.

■ The state responds by arguing, somewhat disingenuously in our view, that because the jury was not instructed that a three-year-old child is incapable of committing a crime, SDCL 22–3–1(1), the jury, which is presumed to have followed the trial court's instructions, must have found that Nigel had stolen the ring. Thus, the elements of the crime as set forth in the trial court's instructions were established by the evidence. We reject this argument out of hand and conclude that appellant's conviction must be reversed because the state failed to establish that the ring had been stolen by a person other than appellant.

■ The state concedes that because it filed no notice of review pursuant to SDCL 15–26A–22, it is precluded from challenging the instructions quoted above. *See Gridley v. Engelhart,* 322 N.W.2d 3 (S.D.1982); *Application of Northwestern Bell Telephone Co.,* 326 N.W.2d 100 (S.D.1982). Nonetheless, the state contends that the recodification of our criminal code in 1976 effected considerable change in the definition of the crime of receiving stolen property as defined in SDCL 22–30A–7. The state argues that because SDCL 22–30A–7 is modeled after Model Penal Code § 223.6, it should be read as assimilating the crime of receiving stolen property to theft. *See* American Law Institute, *Model Penal Code and Commentaries,* 231–234 (1980). Thus, argues the state, the offense set forth in SDCL 22–30A–7 is much different

and more extensive than the offense of receiving stolen property that was discussed by this court in *State v. Houghton,* 75 S.D. 207, 62 N.W.2d 342 (1954); and in *State v. Mosher,* 46 S.D. 336, 192 N.W. 756 (1923), wherein the court pointed out that the crimes of larceny and of receiving stolen property are distinct offenses. *See also State v. Holt,* 334 N.W.2d 47 (S.D. 1983). Because the issue is not properly before us, however, we decline to pass upon this rather obliquely-raised argument.*

The judgment of conviction is reversed.

FOSHEIM, C.J., and DUNN and MORGAN, JJ., concur.

HENDERSON, J., concurs in result.

---

* For an interesting discussion of the common law origin of the crime of receiving stolen property, *see* Justice Coleman's opinion for the court in *People v. Kyllonen,* 402 Mich. 135, 262 N.W.2d 2 (1978). As that opinion points out, a number of states have adopted broader statutes which include within their sweep both the thief and those assisting in the disposition or concealment of stolen property. 262 N.W.2d at 6, n. 13.