On necessity of consummation of sale to entitle real estate broker to commission, see subdivisions of note in 44 L. R. A. 601.

---

STATE, Respondent, v. MAGNUSON, Appellant.

(202 N. W. 638.)

(File No. 5181.   Opinion filed February 24, 1925.)

1.   **District and Prosecuting Attorneys—Assistance of State's Attorney by Licensed Attorney of County Where Forgery Occurred Held Proper.**

State's attorney could be assisted in prosecution for forgery by licensed and practicing attorney of county where crime occurred, despite Rev. Code 1919, Sec. 6008, and notwithstanding

claim that he had appeared as attorney for witnesses for prosecution in civil actions, wherein the alleged forgery of certain notes was in issue, and which notes would be introduced in evidence in the action, and that he was employed to prosecute action by private parties.

2. **Crminal Law—Oral Statement of Witness as to Contents of Record Held Properly Excluded as Not Being Best Evidence.**

Oral statement of witness as to contents of a record was properly excluded, as not being the best evidence, where it was not claimed that witness had any independent recollection of the transactions, or that, looking at record, his memory was refreshed, so that he could truthfully say that he then remembered it.

3. **Criminal Law—Exclusion of Books of Bank to Support Defendant's Offer of Proof Held Not Erroneous Where No Proper Foundation Laid.**

In forgery prosecution, exclusion of books of bank to support defendant's offer of proof that on a certain day prosecuting witness' account was credited with amount that defendant's account was debited to show that defendant gave prosecuting witness a check for that amount was not erroneous, where witness who made entries was not called, nor his absence accounted for, and no attempt to show that he was not available and could not be called.

4. **Criminal Law—Foundation Required for Admission of Testimony Is Largely in Discretion of Trial Court.**

Foundation required for admission of testimony, even though it be competent, is largely within discretion of trial court.

5. **Criminal Law—Book Entry Ordinarily Hearsay When Not Made by Witness from His Own Personal Knowledge of Transaction.**

Book entries are hearsay when not made by witness from his own personal knowledge of transaction, unless he is dead, insane, ill, absent from jurisdiction, or some cause exists rendering production of witness who made entries impossible or impracticable.

6. **Forgery—Admission of Genuine Notes in Connection with Claimed Forgery Held Competent to Show Defendant's Intent.**

In forgery prosecution, admission of genuine notes in connection with claimed forgeries was competent to show defendant's knowledge and intent and general plan of action, where state claimed that defendant's practice was to have two notes identically the same and that he held and used both of them, one being genuine and the other a forgery.

7. **Criminal Law—If Trial Court Fairly Covers the Law Requested, It Is Sufficient.**

If trial court fairly covers the law requested, it is sufficient.

8. **Criminal Law—Refusal of Requested Instruction Not Erroneous, Where Subject-matter Covered by Court's Instruction.**

In forgery prosecution, court did not err in refusing defendant's requested instruction cautioning jury to consider testimony of other forgeries only for purpose for which it had been admitted, in view of instruction covering same subject-matter given by court.

9. **Criminal Law—Refusal of Requested Instruction Held Not Prejudicial Error in View of All Instructions.**

Refusal of instruction that verdict of conviction could not be had unless every member of jury was satisfied beyond a reasonable doubt of defendant's guilt was not prejudicial error, in view of all instructions and jurors were not misled as to their duty to acquit if any one of them entertained a reasonable doubt.

10. **Criminal Law—Plea of Former Acquittal an Affirmative Defense.**

Plea of former acquittal is an affirmative defense.

11. **Criminal Law — Defendant's Plea of Former Acquittal Held Waived.**

Plea of former acquittal was waived where no evidence was introduced on trial by defendant relative to the plea, nor was matter mentioned in any manner in the evidence.

Appeal from Circuit Court, Bon Homme 'County; HON. R. B. TRIPP, Judge.

Peter D. Magnuson was convicted of forgery and he appeals. Affirmed.

*M. G. Luddy* and *Kirby, Kirby & Kirby,* all of Sioux Falls, for Appellant.

*Byron S. Payne,* Attorney General (*Clarence C. Caldwell* and *Roy D. Burns,* both of Sioux Falls, of counsel), for Respondent.

(1.) To point one of the opinion, Appellant cited: Rev. Code 1919, Sec. 6008; State v. Flavin, 36 S. D. 541; State v. Moreaux, 162 'S. W. 158; McKay v. State, 132 N. W. 741, 39 L. R. A. (N. S.) 714; Rock v. Eckern, 156 N. W. 197; Biemel v. State, 37 N. W. 244.

Respondent cited: State v. Kent (N. D.), 62 N. W. 631.

(5) To point five, Respondent cited: Shepherd v. Denver R. R. Co., 145 Pac. 296; Chicago Lumber Co. v. Hewitt, 64 Fed. 314; Carleton v. Cary ('Minn.), 86 N. W. 85; Dodge v. Morrow (Ind.), 41 N. E. 967, 43 N. E. 153.

(6) To point six, Appellant cited: Stutsman County Bank v. Jones, 162 N. W. 402.

Respondent cited: 8 R. C. L. 204; Pitman v. State, 8 L. R.
A. (N. S.) 520; McGlassen v. State (Tex.), 66 A. S. R. 842;
State v. Murphy, 17 N. S. 48, 16 Ann. Cas. 1133; People v. Mar-
rin, 43 L. R. A. (N. S.) 754; People v. Everhardt, 104 N. W.
591, 11 N. E. 62; Fry v. State, 203 S. W. 1066; State v. New-
man (Mont.), 87 Pac. 462; People v. Kemp (Mich.), 43 N. W.
439; State v. Jackson, 21 S. D. 494.

(10)  To point ten, Appellant cited: People v. Kinsey, 51
Cal. 278; People v. Burch, 5 N. Y. Cr. R., 29; Commonwealth v.
Demuth, 12 Serg. & R. 389; Solliday v. Commonwealth, 29 Pac.
St. (4 Casey) 13.

(11)  To point eleven, Respondent cited: Johnson v. State,
29 S. W. 473; State v. McGaughey, 187 N. W. 717.

BURCH, Circuit Judge.  Defendant was convicted upon in-
formation charging forgery in the third degree, in substance as
follows: That in Bon Homme county, S. D., on the 20th day of
January, 1920, the defendant sold and delivered to Emmanuel
Kielbauch a certain forged and counterfeit note, knowing the same
to be forged and counterfeit, with intent to have said forged and
counterfeit note uttered and passed as a true and genuine note.
The defendant pleaded "not guilty," and former acquittal.  This
appeal is from an order overruling a motion for new trial.

[1]  George M. Caster, a licensed and practicing attorney of
Bon Homme county, appeared as an assistant of the state's attor-
ney.  Appellant objected to his appearance as such assistant, claim-
ing he has appeared as attorney for witnesses for the prosecution,
in civil actions wherein the alleged forgery of certain notes was
in issue, and which notes will be introduced in evidence in this
action, and that he is being employed to prosecute this action by
private parties.  The objection was overruled, and this ruling is
assigned as error.

Appellant cites in support of his contention section 6008, Rev.
Code 1919; State v. Flavin, 35 S. D. 530, 153 N. W. 296, Ann.
Cas. 1918A, 713; State v. Moreaux, 254 Mo. 398, 162 S. W. 158;
McKay v. State, 90 Neb. 63, 132 N. W. 741, 39 L. R. A. (N. S.)
714, Ann. Cas. 1913B, 1034; Rock v. Ekern, 162 Wis. 201, 156 N.
W. 197, L. R. A. 1916D, 459; and Biemel v. State, 71 Wis. 444,
37 N. W. 244.  None of these cases are in point, since the infor-
mation was signed and filed by the state's attorney, and the state's

attorney was not supplanted, but merely assisted, by George M. Caster. The Supreme Court of North Dakota, in the case of State v. Kent, 4 N. D. 577, 62 N. W. 631, 27 L. R. A. 686, had before it a similar question and reviewed many of the cases cited by appellant. In that case the state's attorney was assisted in a criminal prosecution for murder by an attorney licensed in Minnesota who took a very active part in the case, and who expected to be paid by relatives of the murdered woman. That court called attention to the law in England where criminal prosecutions are generally carried on by individuals interested in the punishment of the accused, and not by the public, and that a different system prevailed in the state of North Dakota, under which criminal prosecutions were carried on by public prosecutors paid out of the public funds and who were not allowed to receive other fee or reward. Continuing, the court said:

"We do not think that this change in policy indicates a purpose to exclude the counsel for interested persons from all participation in the prosecution. Such counsel cannot initiate the proceedings, or conduct them. The control of criminal prosecution has been taken from private hands, and transferred to public functionaries chosen for that express purpose. But there is nothing in the statute to justify the conclusion that counsel employed by interested persons may not assist the public prosecutor, in case he and the trial judge deem this course proper. The fact that the state's attorney who controls criminal cases is not allowed to receive any compensation from private prosecutors for the prosecution of a criminal case does not warrant the conclusion that no counsel paid by private persons shall be permitted to assist in the trial of such a case. * * * If no error is committed on the trial, we fail to see how an accused can be prejudiced by the fact that those personally interested have employed private counsel to aid the public prosecutor."

Without any extended quotation from this decision this court adopts the reasoning and conclusions reached by the North Dakota court in so far as such reasoning applies to the right of members of the bar of this state employed by private persons to assist the state's attorney, upon his request or with his assent. The court did not err in overruling the motion to exclude Mr. Caster.

The state, to prove the information, introduced two notes corresponding with the note described in the information, both bearing the name of Howard H. Wagner, as the maker. Wagner, the prosecuting witness, admitted the genuineness of one of these notes and denied the signing of the other, which false note forms the basis of this prosecution. Wagner explains that he gave the genuine note as a renewal of a note to J. S. Church bought by appellant, and says that he had no other transaction with Magnuson, nor borrowed money, which would be the consideration of the note except transactions which were paid in cash. Magnuson, the defendant, testifying in his own behalf, said that both notes in evidence were the genuine notes of Wagner and were both signed by him. He says he took over the Church note for approximately $2,900, and that he loaned Mr. Wagner $3,440 in November, 1918, for which he gave Mr. Wagner his personal check upon the First National Bank of Springfield, S. D., which check was cashed and the money retained by Wagner.

[2-5] To corroborate his testimony appellant called Roy Brockman, vice president of the First National Bank of Springfield, and asked this question:

"Will you take these records, Mr. Brockman, and tell me if, on the 12th day of November, 1918, Mr. Howard H. Wagner's account in your bank was credited $3,440, and on the same day was Mr. Magnuson's account debited the same amount, $3,440?"

The answer to which was excluded. Appellant then made the following offer of proof:

"Defendant offers to prove by this witness that the records which he has identified are the original records of the bank of which he is an officer, and was an officer at the time; that all the records, with the exception of the deposit slip, were made by him, and we offer to prove by him and by his records that on November 12, 1918, the account of Howard H. Wagner was credited with the sum of $3,440, as shown by the deposit slip, later by this witness taken from the deposit slip and credited upon the balance and account of Mr. Wagner in the bank; that on the same day the account of Mr. Magnuson was debited with $3,440, the same amount with which the account of Mr. Wagner was credited; we offer this evidence in connection with the testimony of Mr. Magnuson that he gave a check for the amount which is the exact

amount that the account of Mr. Wagner was credited and the account of Mr. Magnuson was debited."

Which was excluded because no proper foundation had been laid for the introduction of the books. These rulings of the court are assigned as error. The form of the question calls for an oral statement of the witness of the contents of a record, and was objectionable as not the best evidence. It is not claimed that witness had any independent recollection of the transactions, or that upon looking at the record his memory was refreshed so that he could truthfully say that he then remembered it. There was no error in excluding the answer to the question. To support his offer of proof appellant offered certain books and records of the said bank. Just what books and records were offered does not appear from the record before us, but a ledger was offered and also a deposit slip. The only foundation for the introduction of these books laid by appellant was the testimony of the said Roy Brockman that he made the entries in the books, excepting the entry on the deposit slip, and that as to that he had copied the entry onto the ledger, but had no recollection of the transaction concerning the deposit of which the slip was evidence. The books offered were excluded for the reason that no proper foundation was laid for their introduction; the court stating that he would not admit the deposit slip and books because the witness who made the entry upon the deposit slip was not called. Appellant did not see fit to call the person who made the entry on the deposit slip, nor did he account in any manner for his failure to do so, nor attempt to show that the witness was not available and could not be called. The foundation required for the admission of testimony, even though it be competent, is largely within the discretion of the trial court. Appellant cites numerous authorities to the effect that books and records of the bank are admissible upon proper foundation, but the cases cited do not aid us in determining what foundation is necessary to permit the introduction of such books in evidence. The book entries are hearsay when not made by the witness from his own personal knowledge of the transaction, unless such witness is dead, insane, ill, absent from the jurisdiction of the court, or some cause exists rendering the production of the witness who made the entries impossible or impracticable. Wigmore on Evidence, § 1521. To constitute any corroboration it

was necessary to show. the identity of the transaction which it is claimed affected the account of appellant and Wagner, and without the deposit slip (which was not made by witness) the evidence is so incomplete as to have no probative force. The court did not err in thus excluding the evidence upon the foundation laid.

Appellant complains of the court's refusal to sustain his motion for an advised verdict, made at the close of the state's case and renewed at the close of all the evidence, and alleges that the evidence is insufficient to support the verdict. We have carefully examined the evidence and are convinced that the evidence on behalf of the state, if believed by the jury, is sufficient to warrant a conviction and sustains the verdict.

The court allowed the prosecution to introduced in evidence notes of parties not connected in any way with this case, it being claimed such exhibits were forgeries. This was done under the theory that other alleged forgeries would tend to establish guilty knowledge on the part of the defendant. Objections were taken to the introduction of these exhibits and also the testimony relative to them. The prosecution, however, did not rest on this point, but introduced in evidence notes claimed by these various witnesses to be their genuine notes.

[6] Appellant does not seriously argue that the admission of the forged notes for the purpose of proving the intent or knowledge was erroneous, but does insist that the admission of the genuine notes was prejudicial and introduced for the sole purpose of comparison, thereby raising a new issue on the genuineness of the signature of each particular document. He admits that some courts hold that they are competent for the purpose of comparison alone, while others adhere to the common-law rule that unless in the case for some legitimate purpose they cannot be introduced for the purpose of comparison. It will not be necessary to determine which rule this court should adopt, as we do not concede they were admitted for the purpose of comparison alone. It was the theory of the state that the defendant took a genuine note for a certain amount, and thereafter made and sold a copy or duplicate of the note which he forged, and sought to show, by the introduction of the other forged notes, the same general plan of action, namely, the taking of a genuine note and thereafter dupli-

cating and forging a copy; that is, it is claimed by the state that the practice of the defendant was to have two notes of the same amount and date, in fact indentically the same, and that he held and used both of these notes; one of them being genuine and the other a forgery. Upon this theory of the case it was plainly competent for the state to show the practice in other instances, for the purpose of showing his knowledge and intent and general plan of action. The admission of the genuine notes, as well as the forged notes, was necessary in order to show this.

[7, 8] There was no error in admitting the genuine notes in connection with the claimed forgeries. 16 C. J. 599; 8 R. C. L. 201, § 197; Pittman v. State, 51 Fla. 94, 41 So. 385, 8 L. R. A. (N. S.) 509; McGlasson v. State, 37 Tex. Cr. R. 620, 40 S. W. 503, 66 Am. St. Rep. 842; State v. Murphy, 17 N. D. 48, 115 N. W. 84, 17 L. R. A. ,N. S.) 609, 16 Ann. Cas. 1133; People v. Marrin, 205 N. Y. 275, 98 N. E. 474, 43 L. R. A. (N. S.) 754; Fry v. State, 83 Tex. Cr. R. 500, 203 S. W. 1096; State v. Newman, 34 Mont. 434, 87 P. 462; People v. Kemp, 76 Mich. 410, 43 N. W. 439; State v. Jackson, 21 S. D. 494, 113 N. W. 880, 16 Ann. Cas. 87. The appellant, however, claims that the trial court did not sufficiently instruct and caution the jury as to the purpose of this testimony of other forgeries. The court gave this instruction in reference thereto:

"During the trial of this case evidence of other claimed forgeries has been admitted, not for the purpose of showing other crimes than that charged in the information read to you by the state's attorney, but for the purpose of showing guilty knowledge and intent, which are elements of the offense charged, and that evidence should be considered by you only for that purpose."

The appellant requested an instruction which it is contended more fully explains the purpose of the testimony and cautions the jury to consider it only for the purpose for which it has been admitted. It is a well-settled practice of this jurisdiction that if the trial court fairly covers the law requested it is sufficient. The instruction given by the court is plain and concise, and we do not think an intelligent jury could well have been misled by the instruction, nor could they have misunderstood the extent and purpose of the evidence of other claimed forgeries. There was no error in refusing to give the requested instruction No. 8.

. [9] As to the other requested instructions, we have carefully examined them, and find that where they correctly state the law they have been sufficiently covered by the court's instructions, except the request that the court instruct the jury that a verdict of conviction cannot be had unless every member of the jury is satisfied beyond a reasonable doubt of the guilt of the defendant. This might properly have been given, but on consideration of all of the instructions we are satisfied that the jurors were not misled as to their duty to not convict if any one of them entertained a reasonable doubt, and there is no prejudicial error appearing from the record by reason of the refusal of the court to so instruct. State v. Phelps, 5 S. D. 482, 59 N. W. 471.

[10, 11] There was no error in refusing to receive the verdict of guilty because it did not cover the plea of former acquittal. The plea is an affirmative defence, and no evidence was introduced, or sought to be introduced, on the trial by the defendant relative to this plea, nor was the matter mentioned in any manner in the evidence. State v. Kieffer, 17 S. D. 67, 95 N. W. 289, is not applicable to the facts in this case. In State v. Mc-Gaughey, 45 S. D. 379, 187 N. W. 717, this court said:

"* * * The accused was not prejudiced by the refusal of the trial court to submit the issue of former jeopardy to the jury, there being no competent evidence to sustain such plea."

Defendant having offered no evidence in support of this plea, it is deemed waived.

Finding no prejudicial error in the record, the order overrulling the motion for a new trial is affirmed

BURCH, Circuit Judge, sitting in lieu of ANDERSON, J., disqualified.

Note.—Reported in 202 N. W. 638. See, Headnote (1), American Key-Numbered Digest, District and prosecuting attorneys, Key-No. 3(2), 18 C. J. Sec. 85; (2) Criminal law, Key-No. 400(1), 16 C. J. Sec. 1205 (1926 Anno.); (3) Criminal law, Key-No. 444, 16 C. J. Sec. 1527; (4) Criminal law, Key-No. 681(1), 16 C. J. Sec. 2181; (5) Criminal law, Key-Nos. 419, 420(12), 16 C. J. Sec. 1234; (6) Forgery, Key-No. 38, 26 C. J. Sec. 128, Criminal law, 16 C. J. Sec. 1163; (7) Criminal law, Key-No. 829(1), 16 C. J. Sec. 2506; (8) Criminal law, Key-No. 829(13), 16 C. J. Sec. 2506; (9) Criminal law, Key-No. 829(19), 16 C. J. Sec. 2395; (10) Criminal law, Key-No. 290, 16 C. J. Sec. 760; (11) Criminal law, Key-No. 204, 16 C. J. Sec. 490.

On the question of evidence of other crimes in prosecution for forgery, or uttering forged instrument, see note in 62 L. R. A. 193; 43 L. R .A. (N. S.) 667, 754, 776.

For authorities discussing the question as to what is provable by books, see note in 52 L. R. A. 689.

On admissibility of party's books of account as evidence in his own favor, see note in 52 L. R. A. 545.