STATE, Appellant v. PICKERING, Respondent

(225 N.W. 2d 98)

(File No. 11359. Opinion filed January 15, 1975)

**Kermit A. Sande,** Atty. Gen., Pierre, **Gene Paul Kean,** State's Atty., Minnehaha County, Sioux Falls, for appellant.

**Mead Bailey, Wilds & Bailey,** Sioux Falls, for defendant and respondent.

MILLER, Circuit Judge.

This is an appeal by the State of South Dakota from an order and judgment of the circuit court granting defendant's motion to set aside the information and his demurrer to the information charging him with the offense of receiving stolen property.

Defendant had been previously charged in Minnehaha County under a two-count information with the offenses of

burglary in the third degree and grand larceny arising out of a burglary and the theft of certain merchandise from an appliance store in Sioux Falls. A change of venue was granted to Codington County. At the trial the defendant was acquitted on both counts. Shortly thereafter a new complaint, apparently based upon defendant's testimony at his trial, was filed charging him with the offense of receiving stolen property. At the time of his arraignment in circuit court he filed a demurrer to the information, an "oral plea reduced to writing" and a motion to set aside the information.

In his demurrer the defendant urged that under SDCL 23-36-8(1) and (4) the court was without jurisdiction, arguing that the previous acquittal involved the same single criminal act, occurrence, episode or transaction and as a result he was being placed in double jeopardy. He further argued that the information did not describe a public offense, urging the same reasons. In addition he filed an "oral plea reduced to writing" in which he pled the former acquittal.

In his motion to set aside the information, brought on pursuant to SDCL 23-35-15 and 23-36-1(1), he urged that it was not found, endorsed and presented or filed as prescribed by Title 23 of SDCL and that he had been previously acquitted, which acquittal was a bar to the present action.

The trial court in his memorandum opinion (which was not included in the settled record, but which was attached as part of Respondent's Brief) adopted the "transactional theory" of double jeopardy propounded by Justice Brennan in his concurring opinion in Ashe v. Swenson, 1970, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. The trial court's memorandum opinion stated:

> "It is my holding that where more than one statutorily defined crime is committed during a commission of a single criminal transaction and they are so intertwined that they cannot really be separated, prosecution for one crime bars a subsequent prosecution for the other and that the crime charged by the State here is inextricably intertwined with the previous charges of burglary and grand larceny."

He then directed that an order be submitted granting the motion to dismiss and sustaining the demurrer, which orders were entered and are herein being appealed.

We find that the trial court erred in granting both the motion to set aside the information and the demurrer for reasons which are hereinafter explained. Before reaching the merits of this appeal, however, this Court is compelled to comment upon certain procedural aspects of the case which, although not raised by the State, must be alluded to for the benefit of future actions.

■ As hereinbefore stated, the defendant. at the time of his arraignment did not make an oral plea as required by SDCL 23-35-17, but did file a document, unique at least to this Court, entitled an "oral plea reduced to writing." This was done irrespective of the fact that the defendant was present in court at the time of such arraignment and available to make the statutorily required oral plea. This practice is not provided for or allowed by our statutes and as a result is to not be encouraged. However, we do not determine that acceptance of the same by the court in this action was erroneous.

■ A further question arises as to the manner in which the question of former jeopardy was raised. SDCL 23-36-8 sets forth the grounds for demurring to an indictment or information. SDCL 23-35-16 sets forth the pleas that may be made to an indictment or information, i. e., guilty, not guilty or one of a former judgment of conviction or acquittal. Traditionally this Court has held that a plea of former acquittal is an affirmative defense to be pled and as a result is not to be considered in a demurrer. State v. Magnuson, 1925, 48 S.D. 112, 202 N.W. 638. The Magnuson case, supra, together with the case of State v. Kieffer, 1903, 17 S.D. 67, 95 N.W. 289, have held that since a plea of former jeopardy is an affirmative defense, it presents an issue which should be submitted to the jury.

In the instant case, however, there seems to be no question of fact for the jury to determine, since there seems to be no question as to the date of the alleged offense, the identity of the property in question or the identity of the defendant. It would therefore appear that the question as to whether or not the

defendant had once been placed in jeopardy was completely a question of law to be determined by the court. In the very narrow circumstances presented here the question was properly raised prior to trial and the court did have jurisdiction to hear the demurrer. See People v. Greer, 30 Cal.2d 589, 184 P.2d 512; People v. Warren, 16 Cal.2d 103, 113, 104 P.2d 1024, 1029; People v. Newell, 192 Cal. 659, 221 P. 622, and People v. Bechtel, 41 Cal.2d 441, 260 P.2d 31. We do not, however, intend by this opinion to depart from our previous holdings in the Magnuson and Kieffer cases.

This brings us then to the ultimate issue to be determined, i. e., whether the previous acquittal of defendant on the charges of burglary and grand larceny is a bar to a subsequent prosecution for the offense of receiving stolen property.

Article VI, § 9 of the South Dakota Constitution provides that:

> "No person shall be compelled in any criminal case to give evidence against himself or be twice put in jeopardy for the same offense."

Statutorily it is provided that:

> "No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and duly convicted or acquitted, except as provided in this code." (SDCL 23-2-12)

This Court has consistently held that the constitutional and statutory prohibitions against double jeopardy apply only to a second prosecution for the same act and crime, both in law and in fact, upon which the first prosecution was based. The defense of double jeopardy has no application to another or different offenses. State v. Percy, 81 S.D. 519, 137 N.W.2d 888; State v. McGaughey, 45 S.D. 379, 187 N.W. 717; State v. Barnes, 26 S.D. 268, 128 N.W. 170. This Court has specifically held that the crimes of grand larceny and of receiving stolen property are distinct offenses. State v. Mosher, 46 S.D. 336, 192 N.W. 756 and State v. Houghton, 75 S.D. 207, 62 N.W.2d 342.

█ This court and the courts of many other states have traditionally followed the foregoing test for a double jeopardy defense which is the so-called "same evidence" test. This test was criticized by Justice Brennan in his concurring opinion in the case of Ashe v. Swenson, supra. In that opinion, in which Justices Douglas and Marshall concurred, Justice Brennan stated:

> "In my view, the Double Jeopardy Clause requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction."

In the principal opinion of the Ashe v. Swenson case, written by Justice Stewart, it appeared that there had been six men engaged in a poker game that was robbed by three or four masked men. Six weeks after being acquitted in state court for robbery of one player the defendant was tried for the robbery of another player and was convicted. The witnesses in the two trials were for the most part the same and the state's evidence established the fact that the robbery was uncontradicted, but that the testimony identifying the defendant as one of the robbers was substantially stronger in the second trial. The Supreme Court held that the concept of collateral estoppel (specifically rejected by the trial court in the instant case as applicable) there applied.

Nothing in the principal opinion of Justice Stewart or the other concurring opinions, save Justice Brennan's, adopted the so-called "transactional theory." In fact Justice Harlan in his concurring opinion stated: "I wish to make explicit my understanding that the Court's opinion in no way intimates that the Double Jeopardy Clause embraces to any degree the 'same transaction' concept reflected in the concurring opinion of my Brother Brennan."

█ We believe it to be the rule generally recognized that the plea of double jeopardy is available only when the separate offenses are in substance the same, so that the evidence which proves the one would prove the other and if an essential element of one is not necessarily present in the other there is no former jeopardy. "A single act may be an offense against two statutes;

and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." State v. Cook, 1968, 261 Iowa 1341, 158 N.W.2d 26.

█ Applying the foregoing test, and in consideration of our former holdings and the statutory definitions of grand larceny, burglary in the third degree and receiving stolen property, it is the holding of this Court that such offenses being separate and distinct, a former acquittal of the defendant for the offenses of grand larceny and third degree burglary is not a bar to this subsequent prosecution to the offense of receiving stolen property.

Therefore, the trial court's order setting aside the information and its judgment sustaining the demurrer are hereby reversed and the case is remanded to Circuit Court.

Reversed.

All the Justices concur.

MILLER, Circuit Judge, sitting for DUNN, C. J., disqualified.

BIEGELMEIER, Retired Justice, sitting for COLER, J., disqualified.