STATE of South Dakota, Plaintiff
and Appellee,

v.

Glenn HOFFMAN, Defendant
and Appellant.

No. 15884.

Supreme Court of South Dakota.

Considered on Briefs May 24, 1988.

Decided Nov. 2, 1988.

Roger A. Tellinghuisen, Atty. Gen., Frank Geaghan, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Randolph F. Stiles, Mitchell, for defendant and appellant.

ANDERSON, Circuit Judge.

Appellant Glenn Hoffman (Hoffman) was indicted by a Sanborn County grand jury on seven counts of abuse to minors. (SDCL 26–10–1) Counts I through IV alleged specific acts of abuse while Counts V through VII charged that Hoffman tormented three of his stepchildren. Hoffman was tried before a Sanborn County jury and convicted of Counts I through VI. Hoffman was sentenced to 18 months in the state penitentiary on each count, to be served concurrently. In his appeal Hoffman complains that the evidence was insufficient to support his conviction and that SDCL 26–10–1 is unconstitutionally vague.

This case arose from facts which took place during the period from March through June 1986 between Hoffman and his wife's two minor children, Daniel and Loran. Testimony of the children at trial was inconsistent with that of their mother and Hoffman but it generally indicated many instances of abuse. On one occasion, Hoffman struck Daniel's head against a truck several times. On another occasion Hoffman struck Daniel in the face with his fist. The testimony revealed that Hoffman struck Loran on the head with some type of bar or rod, leaving a bruise, and an incident in which Hoffman pulled hair out of Loran's head. There was also evidence of other abuse to Daniel and Loran.

Hoffman argues the evidence adduced at trial was insufficient to convict him, particularly with respect to Counts V and VI, which charge torment as opposed to the

other counts which charge specific acts of abuse. Hoffman's position is that the acts of abuse toward Daniel in Counts I and II are based upon the same set of facts as is the charge of torment in Count V. Likewise, he urges that Counts III and IV, charging specific acts of abuse toward Loran, are based upon the same set of facts as the torment charge in Count VI. SDCL 26–10–1 provides, "Any person who abuses, exposes, tortures, torments or cruelly punishes a minor in a manner which does not constitute aggravated assault, is guilty of a Class 4 felony."

■ Each of the counts upon which Hoffman was convicted is based on this single statute. Counts V and VI do not charge specific acts of abuse, yet purport to represent two separate counts. The jury was not instructed that in order to find Hoffman guilty on these two counts, it must rely on facts separate from those considered in determining innocence or guilt on the other four counts. The failure to so instruct results in Hoffman being twice placed in jeopardy. The Fifth Amendment to the United States Constitution provides in pertinent part: "No person shall ... be subject for the same offense to be twice put in jeopardy of life or limb...." The South Dakota Constitution also protects this right and provides in Article VI, § 9: "No person shall be compelled in any criminal case to give evidence against himself or be twice put in jeopardy on the same offense."

The "same offense" test as enunciated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) is the test adopted in South Dakota in determining whether the threat of double jeopardy exists. *State v. Pickering*, 88 S.D. 548, 225 N.W.2d 98 (1975). The rationale of the "same offense" test is particularly applicable here, since Hoffman was charged with separate counts of abuse and torment upon the same child, yet no specific acts of torment are cited. *Blockburger* reasoned that while a single act may be an offense against two statutes, two offenses may be said to have occurred only if each statute requires proof of an additional fact which the other does not. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 183, 76 L.Ed.2d at 309. Here we deal with a single statute which is entitled "Abuse of or cruelty to minor...." To support a conviction on six counts originating from this statute, there must be a separate factual basis for each count. The abuse suffered by Daniel and Loran as referred to in the record may well be considered "torment." The language of the indictment, however, leads us to the inescapable conclusion that the acts of torment charged therein merged with the acts of abuse, and therefore do not constitute separate offenses based on separate facts. In the language of *Blockburger*, the acts charged compromise the "same offense," and thus we are led to the conclusion that Hoffman has not been adequately protected against multiple punishments for the same offense. *See North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

We reviewed similar facts in *State v. Biays*, 402 N.W.2d 697 (S.D.1987). There, defendant was charged with aggravated assault and abuse of a minor. The factual basis for the aggravated assault charge was the child's fractured skull, and the abuse charge was based on bruises and discolorations unrelated to the fracture and occurring at a different time. The double jeopardy clause argument offered on appeal was disregarded since each crime charged was composed of elements different from the other. *Id.* at 701. Hoffman's case is clearly distinguishable due to the absence of a separate factual basis for the two counts of torment.

■ Hoffman also argues that the conviction should be reversed because SDCL 26–10–1 is unconstitutionally vague. This is not the case here. While we recognize that a higher standard as respects certainty of language is required for a statute which imposes criminal sanctions, *People in the Interest of P.B.*, 339 N.W.2d 121, 123 (S.D.1983), we recently held that in applying the test for vagueness, the line between lawful and unlawful conduct need not be drawn with absolute clarity and precision. Not every indefiniteness or

vagueness is fatal to a criminal statute. All that is required is that there be a fair or reasonable degree of certainty. *State v. Schnaidt*, 410 N.W.2d 539, 543 (S.D.1987). The statute under scrutiny here is not easily susceptible of misinterpretation. Its attempt to catalog the types of conduct which would constitute abuse of or cruelty to a minor may be lacking in imagination or elaboration, but the statute is not unreasonably vague.

Because Counts I–IV in the indictment are specific rather than general, the court should have instructed the jury that separate and specific facts must be alleged to uphold a conviction on the more general language of Counts V and VI. We, therefore, reverse the conviction on Counts V and VI of the indictment and affirm the conviction on Counts I, II, III and IV.

MORGAN, HENDERSON, SABERS and MILLER, JJ., concur.

ANDERSON, Circuit Judge, sitting for WUEST, C.J., disqualified.