#26231-a-GAS

**2012 S.D. 87**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                                    Plaintiff and Appellee,

    v.

CASEY R. MORGAN,                                    Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JOHN J. DELANEY
Retired Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

KIRSTEN E. JASPER
Assistant Attorney General
Pierre, South Dakota                                    Attorneys for plaintiff
                                            and appellee.

MITCHELL D. JOHNSON
Rapid City, South Dakota                                    Attorney for defendant
                                            and appellant.

\* \* \* \*

ARGUED NOVEMBER 6, 2012

OPINION FILED **12/05/12**

#26231

SEVERSON, Justice.

[¶1.] On the morning of January 26, 2011, Casey Morgan was caring for K.N., the daughter of his fiancée, Mary Lindley, and D.M., the son of Morgan and Lindley. K.N. and D.M. were arguing over a book that K.N. was assigned to read as homework. Morgan heard the children arguing and grabbed K.N., forcefully squeezed and held her face, and yelled at her. Then Morgan took K.N. to school. At school, K.N. was crying and explained to her teacher why she was upset. Later in the morning, bruising developed on K.N.'s face and her teacher reported the incident to the school principal. After being notified by the school principal, the school's liaison police officer reported the incident to the South Dakota Department of Social Services. K.N. was taken into protective custody after a trip to the emergency room. Morgan was later charged with and found guilty of aggravated child abuse. Morgan appeals, arguing that the verdict is not sustained by the evidence. Viewed in the light most favorable to the verdict, there was sufficient evidence to support Morgan's conviction beyond a reasonable doubt. We affirm.

## BACKGROUND

[¶2.] Casey Morgan was engaged to Mary Lindley. The couple's son, D.M., age three, and Lindley's daughter, K.N., age six, lived in their home and were cared for by Morgan and Lindley. On January 26, 2011, Lindley left for work around 7:00 a.m., leaving Morgan to get the children ready for daycare and school.

[¶3.] On that morning, K.N. and D.M. argued about K.N.'s guided reading book. D.M. took K.N.'s book and would not return the book to his sister so she could pack her things for school. Reading the guided reading book was K.N.'s homework

- 1 -

assignment, but she had not completed her assignment. Morgan heard K.N. and D.M.'s argument and disciplined K.N. for arguing and for failing to finish her homework. Morgan grabbed and squeezed K.N.'s face, wrapping his hand around her chin. While squeezing K.N.'s face, Morgan yelled "What's the rule?" a number of times until K.N. responded that the house rule was to "do my homework." Morgan used enough force to cause significant bruising across K.N.'s face and neck, a contusion on K.N.'s upper lip and on the inside of her mouth because her lips were forced against her teeth, ecchymoses (a type of bruising), a swollen lip, and a subconjunctival hemorrhage (broken blood vessels) in one of K.N.'s eyes.

[¶4.] After Morgan disciplined K.N., he took her to school. When K.N. arrived at school, she was crying, sobbing, and having difficulty breathing. K.N. went to the school's office to get lip salve for her lips. When she arrived at her first grade classroom, K.N.'s teacher saw that K.N. was crying and sobbing and had a swollen upper lip. K.N.'s teacher asked K.N. to come to her desk in the back of the classroom. The teacher asked K.N. what happened and K.N. stated that Morgan was mad at her and had "squeezed" her face. K.N. demonstrated what happened by grabbing her own face and told her teacher that Morgan asked K.N. "What's the rule?" several times while squeezing K.N.'s face.

[¶5.] Later in the morning, K.N.'s teacher noticed red and purple bruises developing on K.N.'s face and along her jawline and chin. K.N.'s teacher contacted the school's office and requested that Principal Patricia Hamm come to her class. When Principal Hamm arrived at K.N.'s classroom, K.N.'s teacher reported her conversation with K.N.

[¶6.] Principal Hamm contacted the school's liaison police officer, Trevor Tollman. Hamm and Tollman met with K.N. and K.N. relayed the events of the morning. After meeting with K.N., Tollman travelled to Lindley's workplace and suggested to Lindley that K.N. see a doctor. Lindley could not leave work to take K.N. to the doctor. Tollman did not believe that Lindley would take K.N. to the doctor after her workday ended, so he contacted the South Dakota Department of Social Services, initiating the process to take K.N. and her brother, D.M., into protective custody.

[¶7.] Trista Depurdy from the Department of Social Services met K.N. at the school and took her to the Rapid City Regional Hospital for an examination. K.N. was examined by Dr. John Hill. Dr. Hill asked K.N. about the bruises and K.N. stated that someone grabbed her face. Dr. Hill determined that the explanation fit K.N.'s injuries and the bruising indicated that a hand and fingers wrapped around her face. He testified at trial that if K.N.'s face "was being squeezed, it was being squeezed pretty hard." Dr. Hill found a contusion on K.N.'s upper lip and on the inside of her mouth, which was likely caused by compression between a force and K.N.'s teeth. Dr. Hill also noted ecchymoses, a swollen lip, and a subconjunctival hemorrhage in one of K.N.'s eyes. Dr. Hill determined that K.N.'s injuries were caused by a significant amount of force.

[¶8.] Morgan was later indicted and arrested on a charge of aggravated child abuse.

[¶9.] On October 3 and 4, 2011, the trial court held a jury trial. The jury found Morgan guilty of aggravated child abuse. The trial court sentenced Morgan

to 15 years in the state penitentiary as a habitual offender, with 10 years suspended. Morgan appeals, arguing that the verdict is not sustained by the evidence and his actions were permissible discipline.

## STANDARD OF REVIEW

[¶10.] Claims of insufficient evidence are "viewed in the light most favorable to the verdict." *State v. Beck*, 2010 S.D. 52, ¶ 7, 785 N.W.2d 288, 292 (citing *State v. Carter*, 2009 S.D. 65, ¶ 44, 771 N.W.2d 329, 342). *See also State v. Janklow*, 2005 S.D. 25, ¶ 16, 693 N.W.2d 685, 693. "The question is whether 'there is evidence in the record which, if believed by the fact finder, is sufficient to sustain a finding of guilt beyond a reasonable doubt.'" *Beck*, 2010 S.D. 52, ¶ 7, 785 N.W.2d at 292 (quoting *Carter*, 2009 S.D. 65, ¶ 44, 771 N.W.2d at 342). *See also State v. Buchholz*, 1999 S.D. 110, ¶ 33, 598 N.W.2d 899, 905. We will not "resolve conflicts in the evidence, assess the credibility of witnesses, or reevaluate the weight of the evidence." *Beck*, 2010 S.D. 52, ¶ 7, 785 N.W.2d at 292 (citing *Carter*, 2009 S.D. 65, ¶ 44, 771 N.W.2d at 342). "'If the evidence, including circumstantial evidence and reasonable inferences drawn therefrom sustains a reasonable theory of guilt, a guilty verdict will not be set aside.'" *Id.* (quoting *Carter*, 2009 S.D. 65, ¶ 44, 771 N.W.2d at 342).

## ANALYSIS

[¶11.] Aggravated child abuse is prohibited under SDCL 26-10-1. Section 26-10-1 provides in part, "[a]ny person who abuses, exposes, tortures, torments, or cruelly punishes a minor in a manner which does not constitute aggravated assault, is guilty of a Class 4 felony. If the victim is less than seven years of age, the person

is guilty of a Class 3 felony." SDCL 26-10-1 also allows a person to assert an affirmative defense, based on the use of reasonable force to discipline a child. A parent, parent's authorized agent, or guardian of a child* may use reasonable force to correct the child "if restraint or correction has been rendered necessary by the misconduct of the child . . . or by the child's refusal to obey the lawful command of such parent, or authorized agent, [or] guardian, . . . and the force used is reasonable in manner and moderate in degree." SDCL 22-18-5.

[¶12.] By allowing a defense of reasonable force in child abuse cases, the Legislature determined "that corporal punishment will not be absolutely prohibited, nor will it be allowed in all instances with any amount of force a parent decides to use." *In re C.F.*, 2005 S.D. 126, ¶ 25, 708 N.W.2d 313, 318. In this case, the trial court gave the jury Instruction No. 1, part 8, which states:

> Permissible Discipline. The use or attempted use of force upon a child is not unlawful if committed by a parent or the authorized agent of a parent in the exercise of a lawful authority to restrain or correct the child if the force has been rendered necessary by the misconduct of the child, or by the child's refusal to obey the lawful command of the parent or the parent's authorized agent, and the force used is reasonable in manner and moderate in degree.

[¶13.] Morgan argues that K.N.'s bruises and injuries were not severe and long-lasting and are not as traumatic as the injuries received by other children in

---

\* In order for the parental discipline privilege to apply, SDCL 22-18-5 requires that the person administering the discipline must be a parent, authorized agent of a parent, guardian of the child, or teacher or school official. In this case, there was no discussion by Morgan or the State as to whether Morgan was an authorized agent or guardian of K.N. Thus, we do not address this issue on review.

other child abuse cases in South Dakota. *See Beck*, 2010 S.D. 52, 785 N.W.2d 288; *State v. Well*, 2000 S.D. 156, 620 N.W.2d 192; *State v. Augustine,* 2000 S.D. 93, 614 N.W.2d 796; *State v. Hoffman,* 430 N.W.2d 910 (S.D. 1988); *State v. Eagle Hawk,* 411 N.W.2d 120 (S.D. 1987). Thus, Morgan argues he is not guilty of aggravated child abuse. However, we review the record to determine if there is sufficient evidence to support the jury's guilty verdict beyond a reasonable doubt.

[¶14.] The jury was instructed that the State must prove, beyond a reasonable doubt, the essential elements of aggravated child abuse. The instructions stated that the elements were (1) "on or about January 26, 2011, in Pennington County," (2) "Mr. Morgan abused, exposed, tortured, tormented or cruelly punished K.N.," and (3) "K.N. was then less than 7 years of age." The instructions also contained definitions of "proof beyond a reasonable doubt," "evidence," "abuse," "expose," "torture," "torment," and "cruelly punish." As noted above, the jury was also instructed on permissible discipline. Morgan did not object to the jury instructions or propose alternative jury instructions.

[¶15.] It was established at trial that K.N. was six years old on January 26, 2011. It was also established that Morgan was caring for K.N. at the time of the incident. Lindley testified that K.N. was not injured when she left to go to work that morning. K.N. testified that Morgan grabbed and squeezed her face after finding her arguing with her brother over her guided reading book. Dr. Hill testified that K.N.'s explanation fit her injuries. Dr. Hill also stated that if K.N.'s face "was being squeezed, it was being squeezed pretty hard." Other witnesses testified about K.N.'s bruising and her emotional and physical state on the day of

the incident, and the consistency of her statements throughout the day. There was evidence that Morgan used a significant amount of force—enough to cause extensive bruising across K.N.'s face and neck, a contusion on K.N.'s upper lip and on the inside of her mouth, ecchymoses, a swollen lip, and a subconjunctival hemorrhage in one of K.N.'s eyes. Evidence was presented from which the jury could find that Morgan's actions, grabbing and squeezing K.N.'s face, were not permissible discipline. The evidence presented and the natural inferences that may be drawn from it "'sustains a reasonable theory of guilt.'" *State v. Shaw*, 2005 S.D. 105, ¶ 19, 705 N.W.2d 620, 626 (quoting *Buchholz*, 1999 S.D. 110, ¶ 33, 598 N.W.2d 899, 905).

## CONCLUSION

[¶16.] There is sufficient evidence in this case to support the jury verdict finding Morgan guilty of aggravated child abuse beyond a reasonable doubt. We affirm Morgan's conviction.

[¶17.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and WILBUR, Justices, concur.